IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01111-KLM

**GEORGE SLEEMAN,**

    Plaintiff,

v.

**TERRY MAKETA, as Sheriff of El Paso County Sheriff's Office, and EL PASO COUNTY SHERIFF'S OFFICE,**

    Defendants.

## STIPULATED PROTECTIVE ORDER

Plaintiff George Sleeman and Defendants Terry Maketa and the El Paso County Sheriff's Office ("Defendants") (collectively, the "Parties"), believe that certain information that may be sought in discovery in this litigation constitutes confidential information.

The Parties recognize that in employment discrimination litigation it is common and necessary for personnel records of third party comparators to be sought to prove disparate treatment. The Parties recognize the duty of the Parties to use such information only for purposes of the litigation. The Parties also recognize that Confidentiality "does not constitute grounds to withhold information from discovery." *Sithon Maritime Co. v. Holiday Mansion*, 1998 U.S. Dist. LEXIS 5432, at 28, (D. Kan.1998). An assertion of confidentiality is not an assertion of a privilege. *Federal*

*Open Mkt. Committee v. Merrill,* 443 U.S. 340, 362 (1979).

To protect the confidentiality of all information which is confidential within the meaning of Fed. R. Civ. P. 26(c)(1)(G), including personnel records of third parties, provisions of this Stipulated Protective Order shall apply.

IT IS HEREBY ORDERED THAT:

1. "Confidential Information" is any information, documents, testimony, or other discovery materials that contains, reflects, or reveals information that the designating Party believes in good faith is confidential personal, medical or financial information or a trade secret or other confidential research, development, or commercial information entitled to protection under Fed. R. Civ. P. 26(c)(1)(G). Any information to be designated by a Party as "Confidential Information" must first be reviewed by a lawyer and be determined to be subject to protection as confidential personal, medical or financial information or confidential under Fed. R. Civ. P. 26 (c)(1)(G) or other federal or state confidentiality protection before being marked "Confidential Information." Such confidential information may include, but is not limited to, medical records, non-public business information, personnel information, including personnel records of third parties, financial statements, or technical information.

2. Any Party may designate as "Confidential" any "Confidential Information" that the producing Party reasonably believes might, if disclosed have a serious or adverse effect on the producing Party.

3. Information designated "Confidential Information" may be disclosed only to the following persons:

a. The Court and its officers, any court reporters who transcribe testimony at hearings, trial, or depositions, and any trial jurors;

b. Outside counsel of record for the Parties and their employees assisting with this litigation;

c. Any in-house counsel for the Parties who has responsibility for this litigation;

d. Plaintiff and the Command Staff of Defendant El Paso County Sheriff's Office, defined as the Sheriff, Undersheriff, Bureau Chiefs, Commanders, Staff Psychologist, Jacqueline Kirby, and Cheryl Sundheim, who provides direct assistance to counsel of record or who makes strategic decisions concerning this litigation;

e. Third-party consultants or experts retained by outside counsel of record pursuant to the procedure set forth in Paragraph 6;

f. Anticipated witnesses at deposition or trial who were involved in creating the Confidential Information or who received or reviewed the Confidential Information in the course of their employment, who counsel in good faith determines must review the Confidential Information in order to be prepared to testify truthfully at deposition or trial;

g. Such representatives of Defendant's Insurance Company as are necessary to evaluate Plaintiff's claims for the purposes of defense strategy and/or settlement; and

      h.    Any other person entitled to receive the Confidential Information by Court order or by written stipulation of the Parties.

Prior to receiving any Confidential Information, any person within sub-part (d), (e), (f), (g) or (h) must be provided a copy of this Stipulated Protective Order and agree to be bound by its terms by executing a copy of an agreement to that effect substantially in the form of Exhibit A. Counsel obtaining such agreements shall retain them and make them available to the other Party upon request. If the Party producing information designated as Confidential is a legal entity that acts through its employees, such as a corporation or government agency, the requirements of this Stipulated Protective Order apply, and any agents or employees of the Party who may fall within sub-part (d), (e), (f), (g) or (h) must agree to be bound by the terms of the order before being given access to Confidential Information.

    4.    Information designated "Confidential" may be disclosed only to the persons listed in sub-parts (a) through (h) of Paragraph 3.

    5.    A receiving Party or any person who has agreed to be bound by the Stipulated Protective Order shall maintain all information designated Confidential Information in confidence, and shall use such information solely for purposes of this litigation or any appeals therefrom. Confidential Information shall not be disclosed or revealed to anyone not authorized by this Stipulated Protective Order to receive such material.

    6.    To designate a document or object as Confidential Information the designating Party shall affix a label or electronic mark upon the document or object that

reads "Confidential Information." A Party may correct an inadvertent omission of such a label within thirty (30) days of production by notifying the receiving Party in writing and providing a substitute copy of the document or object.

7. To designate testimony as Confidential Information the designating Party may make a statement on the record at any time during the deposition or testimony. In addition, even in the absence of a statement on the record, any deposition testimony concerning a document designated Confidential Information shall be deemed Confidential Information. The court reporter shall separately transcribe any portion of a deposition or testimony so designated and shall mark each such page of the transcript with the word "CONFIDENTIAL." A Party may also make such a designation within twenty-one (21) days of receiving a copy of the transcript of such testimony, by stating in writing the pages and line numbers of Confidential Information. The receiving Party will maintain a copy of such designation together with each copy of the transcript. During the interim twenty-one-day period after receipt of a transcript, the Parties will treat all transcripts as confidential.

8. If a Party requires the inclusion of Confidential Information in any pretrial motion filed with the Court, the Party shall:

   a) Where practical, such as in the case of personnel information pertaining to third parties, file a coded list containing the true names of third parties and codes or identifiers corresponding to each true name under seal with the Court and in the motion or brief refer to third parties by code or identifier and redact true names from exhibits. For example:

Mary Zimmerman= Ms. A

Joe Bernardo= Mr. X, etc., or

b) Reference in the motion an exhibit containing the Confidential Information and file the exhibit only under seal,

c) Exhibits shall be filed under seal only when the Parties have first conferred as described below concerning redaction and been unable to agree to redactions.

d) The filing Party shall redact confidential Information from exhibits to be filed with the Court where the redacted information is not required by the Court to rule on the motion. For example, Social Security numbers.

e) File exhibits under seal only when redaction of information from the exhibit would make it difficult or impossible for the Court to understand the significance of the Exhibit.

f) The Parties agree to provide proposed redacted exhibits to counsel for the opposing party 48 hours before filing redacted copies with the Court. Counsel for the opposing Party may further redact such proposed exhibits, by marking further redaction and returning the further redacted copy to the filing attorney. Thereafter the filing attorney may either file the further redacted copy as the exhibit or file the exhibit under seal.

9. The Parties intend by adoption of the procedures set forth in Paragraph 8 above to preserve the confidentiality of information, to avoid filing motions under seal and to comply with D.C.Colo. LCivR 7.2. The purpose of the foregoing procedure is to

avoid where possible litigating the confidentiality of documents under the procedures described in Paragraph 11 below where redacted documents can be used as exhibits.

10. Any other person joined in this action via counterclaim, cross-claim, or third party claim shall become a "Party" within the meaning of this Stipulated Protective Order.

11. A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as Confidential to ~~file~~ make an appropriate motion pursuant to MJ Mix't discovery procedures requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely made ~~filed~~, the disputed information shall be treated as Confidential under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating Party fails to make ~~file~~ such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Stipulated Protective Order. In connection with a motion made ~~filed~~ under this provision, the Party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

12. A receiving Party is not prohibited from disclosing or using any otherwise Confidential Information if that information:

      a.    Constitutes or becomes public knowledge;

      b.    Was acquired by the receiving party from a third party having the right to disclose such information; or

13.    Nothing in this Stipulated Protective Order is intended to or shall be deemed to restrict or limit a Party's use or disclosure of its own Confidential Information.

14.    Outside counsel of record and each individual who executes Exhibit A shall ensure that all materials designated Confidential Information are maintained in such a manner as to prevent disclosure except in accordance with the terms of this Stipulated Protective Order.

15.    Within thirty (30) days after the conclusion of trial and appeal or any other termination of this litigation, all Confidential Information shall be returned to the designating Party or destroyed. Nothing in this Order shall be construed, however, as requiring the return or destruction of any Confidential Information lawfully in the custody of an El Paso County, Colorado, agency prior to the entry of this Order.

16.    In the event a person bound by this Stipulated Protective Order is subpoenaed or served with legal process by a third party to produce or otherwise disclose another Party's Confidential Information, that person shall give prompt written notice to the designating Party.

17.    The terms of this Stipulated Protective Order shall survive the final disposition of this litigation. The Court shall retain jurisdiction to construe, enforce, or amend the provisions of this Stipulated Protective Order.

18.    This Stipulated Protective Order may be modified in writing by Court order

or by agreement of the Parties. The Parties are entitled to seek modification of this Stipulated Protective Order by motion made pursuant to MJ M.'s discovery procedures.

IT IS SO ORDERED this 21st day of September, 2012.

_____
United States Magistrate Judge

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01111- KLM

---

**GEORGE SLEEMAN,**

    Plaintiff,

v.

**TERRY MAKETA, as Sheriff of El Paso County Sheriff's Office, and EL PASO COUNTY SHERIFF'S OFFICE,**

    Defendants.

---

## AGREEMENT TO TERMS OF PROTECTIVE ORDER

    I, _____, having reviewed this Stipulated Protective Order entered by the Court, agree to be bound by its terms and to submit to the jurisdiction of the Court for purposes of enforcing this Order.

    Dated: _____

                                    _____